# MANDATE

24-842-cv (L)
*Fed. Ins. Co. v. Am. Precision Indus., Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of April, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

FEDERAL INSURANCE COMPANY,
FIREMAN'S FUND INSURANCE COMPANY,
NORTH RIVER INSURANCE COMPANY,

> *Defendants-Appellants-Cross-Appellees*,

v.

24-842-cv (L)
24-843-cv (XAP)

AMERICAN PRECISION INDUSTRIES, INC.,

> *Plaintiff-Appellee-Cross-Appellant.*

_____

FOR DEFENDANTS-APPELLANTS-CROSS-APPELLEES:

JONATHAN D. HACKER, O'Melveny & Myers LLP, Washington, District of Columbia (Jenya Godina, O'Melveny & Myers LLP, Washington, District of Columbia, and Frank B. Slepicka, Cohn Baughman, Chicago, Illinois, *on the brief*), *for* Federal Insurance Company.

MANDATE ISSUED ON 05/02/2025

Michael A. Kotula, Rivkin Radler LLP, Uniondale, New York, and Steven C. Schwartz, Chaffetz Lindsey LLP, New York, New York, *for* Fireman's Fund Insurance Company.

Meg F. Catalano and Christina R. Salem, Kennedys LLP, Basking Ridge, New Jersey, *for* North River Insurance Company.

FOR PLAINTIFF-APPELLEE-CROSS-APPELLANT:

ADAM J. BUDESHEIM, McCarter & English, LLP, New York, New York.

Appeal from an order of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the district court's order, entered on December 21, 2022 and amended on November 20, 2023, is **DISMISSED**, and the case is **REMANDED** for further proceedings.

The parties cross-appeal from the district court's interlocutory order on their cross-motions for summary judgment. Defendants-Appellants-Cross-Appellees Federal Insurance Company, Fireman's Fund Insurance Company, and North River Insurance Company (collectively, the "Insurers") appeal the district court's order insofar as it held that the Insurers have a duty to defend certain non-named insureds in underlying asbestos litigation and must pay defense costs on an "all sums," rather than *pro rata*, basis. Plaintiff-Appellee-Cross-Appellant American Precision Industries, Inc. ("API") cross-appeals the district court's order insofar as it held that indemnification on an all sums basis was not required. Pursuant to 28 U.S.C. § 1292(b), the district court certified three questions for interlocutory appeal: (1) "[w]hether – and if so, when – policy

2

obligations are triggered by third-party lawsuits that do not name as a defendant the insured or its successors, assigns, or alter egos, but where the insurers have notice that the insured retained liability for the harms alleged in the third-party suits" (the "Named Insured Question"); (2) "[w]hether insurers can be required to pay defense costs for long-tail claims on an all sums basis where the policy language limits indemnification to harms occurring during the policy period" (the "Allocation of Defense Costs Question"); and (3) "[w]hether *Viking Pump* precludes pro rata allocation of indemnification where the insurance policy definition of bodily injury includes 'death at any time' language" (the "Allocation of Indemnity Question"). *Am. Precision Indus., Inc. v. Fed. Ins. Co.*, No. 14-CV-1050, 2023 WL 8014382, at *8 (W.D.N.Y. Nov. 20, 2023) (citing *In re Viking Pump, Inc.*, 27 N.Y.3d 244 (2016)). A motions panel of this Court granted leave to appeal. *See Fed. Ins. Co. v. Am. Precision Indus., Inc.*, No. 23-7914 (2d Cir. Apr. 17, 2024), ECF No. 24.1. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision not to decide the certified questions on an interlocutory appeal.

Pursuant to Section 1292(b), we have the discretion to allow an appeal to be taken from an order not otherwise appealable when the district court states in writing that it is "of the opinion that such order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). We have emphasized that Section 1292(b) is "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Indeed, even when a district court certifies a question under Section 1292(b), we retain the discretion under the statute to decline to review any such question on an interlocutory basis. *See* 28 U.S.C. § 1292(b) ("The

Court of Appeals . . . may . . . in its discretion[] permit an appeal to be taken from such order . . . ."); *see also Tidewater Oil Co. v. United States*, 409 U.S. 151, 173 n.50 (1972) (noting that an "interlocutory appeal under [Section] 1292(b) is subject to the decision of the court of appeals in the exercise of its discretion, to allow appeal of the question certified by the district court"). Moreover, "[a]s an exercise of our discretion, we have, on occasion reconsidered an earlier decision [by a motions panel of this Court] to permit appeal from an interlocutory order." *Koehler*, 101 F.3d at 867.

Here, even assuming *arguendo* that each certified question involves a controlling question of law and that there is a substantial ground for difference of opinion on each question, we conclude that an immediate appeal from the order will not materially advance the ultimate termination of the litigation.

In opposing the motion for certification of the Named Insured Question and Allocation of Defense Costs Question in the district court, API explained:

> The Insurers' argument that an interlocutory appeal will materially advance the resolution of this litigation is unsupported by the procedural posture of this litigation. The Insurers fail to identify any legal issues that remain to be decided. Based on the trial court's ruling, the allocation of indemnity is clear, responsibility of defense costs is clear, and the only issue remaining is the quantum of damages owed to API – *i.e.*, the amount of defense costs and indemnity covered by the insurance.
>
> Notably, the Insurers and API stipulated as to the amount of defense costs incurred in the defense of the asbestos claims through October 23, 2017. The only issue remaining is the amount of defense costs incurred since that date. API believes this issue can be addressed through motion practice with final judgment issued after a decision is rendered on the defense costs. At that point, all issues (including any disputes regarding rulings on the past costs) can be appealed to the Second Circuit in the normal course.

Dist. Ct. Dkt. No. 142-1 at 14. As set forth below, although the Insurers attempted to counter API's position with several arguments, we find those arguments unpersuasive.

4

First, with respect to the Named Insured Question, the Insurers argued, "it is clear that an immediate appeal from the Decision and Order may materially advance the ultimate termination of the litigation" because "[i]f the Insurers prevail on the named insured issue on appeal, they will owe no coverage whatsoever and this matter will be concluded." Dist. Ct. Dkt. No. 138-1 at 19. However, as API noted, because this is a declaratory judgment action, the "[r]esolution of the 'Named Insured' issue would address only asbestos lawsuits that do not name API explicitly as a defendant, but it would have no bearing on any lawsuits that do name API," and there has been at least one such lawsuit in the past and the Insurers do not argue that such lawsuits could not arise in the future, which would then also require the allocation issues to be addressed. Dist. Ct. Dkt. No. 142-1 at 15.

In addition, at oral argument, the Insurers recognized the possibility that we would need to certify the Named Insured Question to the New York State Court of Appeals to determine whether its decision in *Fitzpatrick v. American Honda Motor Co.*, 78 N.Y.2d 61 (1991), controls the factual circumstances presented here. If we determined that such a certification was necessary on this question (or on either of the other two certified questions), this interlocutory appeal could easily delay, rather than expedite, the ultimate termination of the case. *See Emergency Physician Servs. of N.Y. v. UnitedHealth Grp., Inc.*, No. 20-cv-9183, 2024 WL 4555631, at *1 (S.D.N.Y. Oct. 22, 2024) ("An appeal at this point, which may involve certification to the New York Court of Appeals with respect to the purely state law issue of the scope of the unjust enrichment claim, will add considerable delay to the ultimate resolution of this case and is the antithesis of a procedural device to 'materially advance the ultimate termination of the litigation.'" (citation omitted)); *Phillips ex rel. Green v. City of New York*, 453 F. Supp. 2d 690, 747 (S.D.N.Y. 2006) (denying certification because "the substantial delay resulting from an interlocutory appeal at this point would derail the

resolution of the merits of this action for potentially several years" and because "[t]his result would be particularly severe if the Second Circuit were to choose not to decide the appeal itself but instead to certify the state law question to the New York Court of Appeals").

With respect to the Allocation of Defense Costs Question, the Insurers asserted that an interlocutory appeal would materially advance the ultimate termination of the litigation because "[t]he application of an 'all sums' approach to defense costs necessitates follow-on litigation to resolve contribution issues, thereby needlessly consuming [the district] court's resources." Dist. Ct. Dkt. No. 143 at 7. However, the contribution issues among the Insurers are not relevant to API's coverage under the primary policies at issue here, and the Insurers do not currently have any cross-claims against each other in this litigation. Although the Insurers argued that they could potentially amend their pleadings to assert such cross-claims against one another, it is entirely unclear whether any such motion would be brought in this case and, if so, whether it would be granted. Indeed, the district court recognized that this possibility was "only theoretical at this juncture," but concluded certification was nevertheless warranted because it "[did] not agree with [API] that such amendment of the pleadings would be categorically barred." *Am. Precision Indus., Inc.*, 2023 WL 8014382, at *7. We conclude that the mere theoretical possibility of that additional development provides an insufficient basis to decide the Allocation of Defense Costs Question at this stage of the litigation. In short, we are unconvinced that this immediate appeal is necessary to "avoid protracted litigation." *Koehler*, 101 F.3d at 866.

Finally, although API alternatively contends that we should also address the Allocation of Indemnity Question if we decide to accept the certification of the first two questions, we conclude that there is no basis to do so in light of our declination to consider the other certified questions. *See Am. Precision Indus., Inc.*, 2023 WL 8014382, at *4 (noting that the Allocation of Indemnity

Question should be certified because it is "closely related" to the Allocation of Defense Costs Question).

In sum, we have repeatedly emphasized that the "use of this certification procedure should be strictly limited because only exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (per curiam) (alteration in original) (internal quotation marks and citation omitted). In light of the current posture of this case and the issues presented, we conclude that this appeal is not one of those "exceptional circumstances" warranting interlocutory review.

\*          \*          \*

We have considered the parties' remaining arguments regarding why this Court should decide the certified questions on an interlocutory appeal and conclude that they are without merit. Accordingly, the appeal is **DISMISSED**, and the case is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7